No. 2--08--0036    Filed: 2-23-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re LUIS R., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Boone County. |
| | ) | |
| | ) | No. 07--JD--57 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellant, v. Luis R., | ) | J. Todd Kennedy, |
| Respondent-Appellee). | ) | Judge, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

This appeal presents what appears to be a question of first impression in Illinois: whether the circuit court has jurisdiction to entertain delinquency proceedings under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1--1 et seq. (West 2006)) initiated against an individual 21 years of age or older who committed an offense prior to reaching the age of 17. We hold that the circuit court does not have jurisdiction to entertain delinquency proceedings under these circumstances.

The State filed a petition in the circuit court of Boone County, alleging that respondent, Luis R., was a delinquent minor. The State sought to make respondent a ward of the court. According to the petition, respondent committed aggravated criminal sexual assault when he was 14 years of age. However, respondent was 21 years of age when the State filed its petition. Respondent moved to dismiss on the basis that, having reached that age, he was no longer subject to proceedings under the Act. The State moved to prosecute respondent under the criminal laws (see 705 ILCS 405/5--805(3) (West 2006)) and, in a separate motion, the State requested that the trial court

designate the proceedings as an extended jurisdiction juvenile prosecution (see 705 ILCS 405/5--810 (West 2006)). Without expressly ruling on either of the State's motions, the trial court granted respondent's motion to dismiss. This appeal followed.

At the outset, we note that the State and respondent both rely on our supreme court's decision in In re Jaime P., 223 Ill. 2d 526 (2006). In that case, the court resolved an apparent conflict in the application of provisions (1) setting a minimum probation term for certain delinquent minors and (2) automatically terminating juvenile probation upon the minor's twenty-first birthday. Except for one general (albeit important) proposition noted later in this opinion, the analysis Jaime P. has little direct bearing on the issue presently before us.

Proceedings concerning delinquent minors are governed by article V of the Act. As defined by the Act, a minor is "a person under the age of 21 years subject to this Act" (705 ILCS 405/5--105(10) (West 2006)) and, as pertinent here, the term "delinquent minor" means "any minor who prior to his or her 17th birthday has violated or attempted to violate *** any *** State law" (705 ILCS 405/5--105(3) (West 2006)). Section 5--120 of the Act provides, in pertinent part:

"Exclusive jurisdiction. Proceedings may be instituted under the provisions of this Article concerning any minor who prior to the minor's 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or State law or municipal or county ordinance. Except as provided in [certain provisions of article V] no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5--120 (West 2006).

Resolution of this appeal hinges on the interpretation of this provision. Statutory construction presents a question of law, subject to de novo review. Senese v. Village of Buffalo

Grove, 383 Ill. App. 3d 276, 278 (2008). In interpreting a statute, we examine the statute in its entirety, bearing in mind the subject it addresses and the General Assembly's apparent objective in enacting it. People v. Taylor, 221 Ill. 2d 157, 162 (2006). However, the process "must always begin with the language of the statute itself, which is the surest and most reliable indicator of the legislature's intent." Taylor, 221 Ill. 2d at 162. When statutory language is clear, it generally must be applied as written, and the employment of other aids or tools of interpretation is improper. Taylor, 221 Ill. 2d at 162. Our supreme court has employed this "plain language" rule of statutory interpretation to hold that a provision authorizing detention of delinquent minors 13 years of age or older applies to minors meeting the age requirement at the time of the court's dispositional (i.e. sentencing) order, regardless of how old they were when they committed their offenses or when they were adjudicated delinquent. In re Griffin, 92 Ill. 2d 48 (1982).

It is not the case, however, that language must always be given the most rigidly literal reading possible. As this court has observed:

"A literal interpretation is not controlling where the spirit and intent of the General Assembly in enacting a statute are clearly expressed, its objects and purposes are clearly set forth, and a literal interpretation of a particular clause would defeat the obvious intent [citation]; where literal enforcement of a statute will result in great injustice that was not contemplated by the General Assembly [citation]; or where a literal interpretation would lead to an absurd result [citation]." Grever v. Board of Trustees of the Illinois Municipal Retirement Fund, 353 Ill. App. 3d 263, 266-67 (2004).

The dispositive question here is whether the State's petition instituted proceedings "concerning any minor who prior to the minor's 17th birthday has violated *** any *** State law."

(Emphasis added.) 705 ILCS 405/5--120 (West 2006). The emphasized language consists of a noun--"minor"--and a restrictive relative clause composed of all the words that follow. If the statute did not contain the relative clause, it would simply provide that delinquency proceedings could be instituted "concerning any minor." Were that the case, it could not be seriously argued that delinquency proceedings could be instituted against an individual after he or she reached the age of 21. Such proceedings would concern an adult--defined by the Act as "a person 21 years of age or older" (705 ILCS 405/1--3(2) (West 2006))--not a minor. The question, then, is whether the addition of the relative clause changes this result. The answer is that it does not. The relative clause restricts the applicability of article V to a subclass of minors--those who violated any state law prior to their seventeenth birthdays. If the General Assembly had intended to permit the State to institute delinquency proceedings after the respondent has reached the age of majority, it could have expressed that intent far more clearly simply by using the word "person" in place of "minor" in the excerpt quoted above. Because respondent is no longer a minor, this provision, read literally, does not authorize the State to institute proceedings under the Act, even though respondent was under 17 years of age when he allegedly committed the crime.

Having ascertained the literal meaning of the salient language, it is still necessary to consider whether there are any grounds for departing from the literal interpretation. We first ask whether "the spirit and intent of the General Assembly in enacting [the Act] are clearly expressed, its objects and purposes are clearly set forth, and a literal interpretation *** would defeat the obvious intent." Grever, 353 Ill. App. 3d at 266-67. Cases from other jurisdictions, while obviously not controlling, help refine the inquiry. Courts in a number of other states have examined their juvenile justice statutes to resolve issues similar to the one now before us. See H. Warren & C. Jhong, Age of Child

at Time of Alleged Offense or Delinquency, or at Time of Legal Proceedings, as Criterion of Jurisdiction of Juvenile Court, 89 A.L.R.2d 506 (1963). Because the results in such cases frequently depend, to a large extent, on the language of the applicable statutes (see 89 A.L.R.2d at 508), an exhaustive survey of these cases would not be useful. However, in determining the reach of juvenile justice statutes, courts have sometimes considered whether it was the legislature's understanding that an offender's youth negated the criminality of his or her conduct or whether the legislature merely intended to apply a different correctional approach to juvenile offenders.

A Louisiana decision, State v. Malone, 156 La. 617, 100 So. 788 (1924), and one from Michigan, People v. Ross, 235 Mich. 433, 209 N.W. 663 (1926), illustrate the distinction. The Malone court observed that, under Louisiana's juvenile justice statute, "what, in an adult, would be a crime and punishable as such, yet when done by a juvenile is a mere delinquency and punishable not as in the case of an adult." (Emphases in original.) Malone, 156 La. at 620, 100 So. at 789. According to the Malone court, "the same act which constituted mere delinquency when done, cannot ripen into a crime merely because the child has since become a man." Malone, 156 La. at 620, 100 So. at 789. Thus, the court concluded that "the jurisdiction of the juvenile court is to be tested by the age of the child at the time of the commission of the offense and not by his age at the time of the trial." Malone, 156 La. at 621, 100 So. at 790. In contrast, in Ross, the court held that "[t]he juvenile law does not proceed on the theory that there is a period of irresponsibility in regard to crime or legal incapacity to commit crime by children, but leaves the well-known common-law rule in full force." Ross, 235 Mich. at 443, 209 N.W. at 666. The Ross court concluded that, for purposes of a statutory provision permitting a juvenile court judge to authorize a criminal prosecution "in any case where a child over the age of 15 years is charged with a felony," the child's

age when charged (not when the offense occurred) is controlling. Ross, 235 Mich. at 441-42, 209 N.W. at 665-66.

We likewise consider whether the Act expresses a legislative judgment (1) that youth negates criminality or (2) that youth merely warrants a different correctional approach to criminal conduct. We conclude that the latter view is correct. Like the statute considered in Ross, the Act does not address a minor's legal capacity to commit a crime. Section 6--1 of the Criminal Code of 1961 (720 ILCS 5/6--1 (West 2006)) fixes legal capacity at 13 years of age. As stated in the committee comments to section 6--1:

> "Persons thirteen years of age or over are treated as possessing criminal capacity. This does not mean, of course, that all children in the latter category will be tried in the criminal courts. Selection of persons for treatment in the Family Court until they have reached the ages of seventeen or eighteen will continue to be governed by the same criteria that presently obtain." 720 ILCS Ann. 5/6--1, Committee Comments--1961, at 339 (Smith-Hurd 2002).

See also People v. Miller, 31 Ill. App. 3d 436, 443 (1975).

In addition, the General Assembly prefaced article V with the following statement of purpose and policy, which, though lengthy, deserves consideration in full:

> "(1) It is the intent of the General Assembly to promote a juvenile justice system capable of dealing with the problem of juvenile delinquency, a system that will protect the community, impose accountability for violations of law and equip juvenile offenders with competencies to live responsibly and productively. To effectuate this intent, the General Assembly declares the following to be important purposes of this Article:
>
> (a) To protect citizens from juvenile crime.

(b) To hold each juvenile offender directly accountable for his or her acts.

(c) To provide an individualized assessment of each alleged and adjudicated delinquent juvenile, in order to rehabilitate and to prevent further delinquent behavior through the development of competency in the juvenile offender. As used in this Section, 'competency' means the development of educational, vocational, social, emotional and basic life skills which enable a minor to mature into a productive member of society.

(d) To provide due process, as required by the Constitutions of the United States and the State of Illinois, through which each juvenile offender and all other interested parties are assured fair hearings at which legal rights are recognized and enforced.

(2) To accomplish these goals, juvenile justice policies developed pursuant to this Article shall be designed to:

(a) Promote the development and implementation of community-based programs designed to prevent unlawful and delinquent behavior and to effectively minimize the depth and duration of the minor's involvement in the juvenile justice system;

(b) Provide secure confinement for minors who present a danger to the community and make those minors understand that sanctions for serious crimes, particularly violent felonies, should be commensurate with the seriousness of the offense and merit strong punishment;

(c) Protect the community from crimes committed by minors;

(d) Provide programs and services that are community-based and that are in close proximity to the minor's home;

(e) Allow minors to reside within their homes whenever possible and appropriate and provide support necessary to make this possible;

(f) Base probation treatment planning upon individual case management plans;

(g) Include the minor's family in the case management plan;

(h) Provide supervision and service coordination where appropriate; implement and monitor the case management plan in order to discourage recidivism;

(i) Provide post-release services to minors who are returned to their families and communities after detention;

(j) Hold minors accountable for their unlawful behavior and not allow minors to think that their delinquent acts have no consequence for themselves and others.

(3) In all procedures under this Article, minors shall have all the procedural rights of adults in criminal proceedings, unless specifically precluded by laws that enhance the protection of such minors. Minors shall not have the right to a jury trial unless specifically provided by this Article." 705 ILCS 405/5--101 (West 2006).

There is nothing in this statement to suggest that the General Assembly viewed delinquency and criminality as different species of conduct. Indeed, the first stated purpose of the article is "[t]o protect citizens from juvenile crime." (Emphasis added.) 705 ILCS 405/5--101(1)(a) (West 2006). The seemingly interchangeable use of the terms "juvenile offender" and "delinquent juvenile" is also noteworthy in this respect. The policy statement reflects a philosophy of holding juveniles accountable for criminal behavior while approaching their rehabilitation with due regard for their

need for guidance, community and family support, and education. Although it has been said that delinquency proceedings "are not criminal in nature" (In re Rodney H., 223 Ill. 2d 510, 520 (2006)) and that no " 'taint of criminality' " attaches to any finding of delinquency (Rodney H., 223 Ill. 2d at 520, quoting In re Dow, 75 Ill. App. 3d 1002, 1006 (1979)), it does not necessarily follow that the underlying misconduct is not a crime. We view such statements as corollaries of the Act's rehabilitative scheme, which "[is] to be administered in a spirit of humane concern for the minor and to promote his general welfare." Taylor, 221 Ill. 2d at 167. Moreover, since 1999, delinquency proceedings have assumed more of the attributes of criminal prosecutions. See Pub. Act 90--590, eff. January 1, 1999. As in criminal prosecutions, a respondent in a delinquency proceeding now enters a plea, receives a trial, is found either guilty or not guilty, and, if made a ward of the court, receives a sentence. See Taylor, 221 Ill. 2d at 167.

Examining article V in its entirety reinforces this understanding. Most notably, section 5--755 provides that, except in extended jurisdiction juvenile prosecutions (see 705 ILCS 405/5--810 (West 2006)), "[a]ll proceedings under this Act in respect of any minor *** automatically terminate upon his or her attaining the age of 21 years." 705 ILCS 405/5--755(1) (West 2006); see also Jaime P., 223 Ill. 2d at 533, citing Taylor, 221 Ill. 2d at 181 ("It is clear that the circuit court in juvenile proceedings maintains jurisdiction only until the minor turns 21 years of age"). Moreover, for the most part, the types of sentences authorized under the Act are either inapplicable or ill-suited to a person 21 years of age or older. The Act provides that a minor who has been made a ward of the court may be sentenced to probation or conditional discharge (705 ILCS 405/5--710(1)(a)(i) (West 2006)) or committed to the Department of Juvenile Justice (705 ILCS 405/5--710(1)(b) (West 2006)). However, the period of probation, conditional discharge, or commitment may not extend

beyond the minor's twenty-first birthday. 705 ILCS 405/5--715(1), 5--750(2), (3) (West 2006). Other sentencing options, such as placement in the custody of a suitable relative or under the guardianship of a probation officer, or commitment to an agency, licensed training or industrial school, or institution for the care of delinquent children (705 ILCS 405/5--740(1) (West 2006)), are inappropriate for an adult. In sum, as the legislature's intent was merely to provide a different correctional approach to juveniles, the literal interpretation of the Act--subjecting only juveniles to proceedings thereunder--supports, rather than defeats, that intent.

The other grounds for departing from the literal language of a statute are to avoid "great injustice that was not contemplated by the General Assembly" and to avoid "an absurd result." Grever, 353 Ill. App. 3d at 267. The State argues that interpreting the Act to exclude those 21 years of age or older who committed crimes prior to their seventeenth birthdays would be absurd, because it would allow certain juvenile offenders who commit serious crimes to escape any consequences whatsoever. The argument presupposes that a prosecution under the criminal laws would also be forbidden under such circumstances. As he made abundantly clear at oral argument, respondent likewise believes that his age at the time of the alleged offense precludes the State from charging him under the criminal laws.

Were it beyond dispute that this is the case, we might agree with the State that the result is one the General Assembly simply could not have intended. Cf. State v. Dehler, 257 Minn. 549, 556, 102 N.W.2d 696, 702 (1960) ("We believe it would be ridiculous to say that if a person of 16 or 17 years of age commits a murder and escapes detection or apprehension either on a warrant or indictment until after he reached 18 years of age, or 21 years under the recent changes, he could no longer be proceeded against in the juvenile court or tried by the district court"). In our view,

however, it is far from clear that respondent's age at the time of the offense would be an impediment to a criminal prosecution. The fact that the parties are in agreement that it would does not mean that they are correct.

At this point, a definitive decision that respondent is or is not subject to prosecution under the criminal laws would be premature; as no criminal charges are pending, we think an opinion on the question would be advisory. Suffice it to say that, as explained below, the parties' shared position--that such a prosecution is impermissible--is doubtful enough that we cannot rely on it as a ground to depart from the plain language of section 5--120 of the Act.

As seen, the first sentence of section 5--120 restricts proceedings under article V to "any minor who prior to the minor's 17th birthday" has violated or attempted to violate the law. 705 ILCS 5/5--120 (West 2006). The second sentence provides that, subject to certain exceptions, "no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 5/5--120 (West 2006). For purposes of the first sentence, we agree with respondent that his status as an adult or a minor is to be determined as of the time that proceedings under article V are commenced. By virtue of the same reasoning, it would seem that respondent's status, for purposes of the second sentence, should be determined as of the time the State prosecutes him under the criminal laws. The second sentence's language defining the class excluded from criminal prosecution--"minor who was under 17 years of age at the time of the alleged offense"--is structurally identical to the salient language of the first sentence. It consists of a noun ("minor") followed by a restrictive relative clause ("who was under 17 years of age at the time of the alleged offense"). Thus, a defensible argument can be made that the plain language of section 5--120

does not forbid the criminal prosecution of an adult for an offense committed before he or she reached the age of 17.

Prosecutions under analogous circumstances are not without precedent in other jurisdictions. See, e.g., Dehler, 257 Minn. at 556, 102 N.W.2d at 702 ("where a person is accused of violating a state or local law or ordinance, which violation occurred while under 18 years of age, but does not appear before a court for the offense until after he reaches 21 years, he may *** be prosecuted in district court"). Moreover, as noted, because respondent was over 13 years of age at the time of the alleged offense, he had the capacity to commit a crime.[1]

The State also argues that, notwithstanding respondent's age, the trial court could have proceeded under article V by designating the proceedings an extended jurisdiction juvenile prosecution under section 5--810 of the Act (705 ILCS 405/5--810 (West 2006)). The argument is unpersuasive. In such a prosecution, the respondent must receive "one or more juvenile sentences" (705 ILCS 405/5--810(4)(i) (West 2006)) as well as "an adult criminal sentence in accordance with the provisions of *** the Unified Code of Corrections" (705 ILCS 405/5--810(4)(ii) (West 2006)). However, execution of the adult sentence "shall be stayed on the condition that the offender not violate the provisions of the juvenile sentence." 705 ILCS 405/5--810(4)(ii) (West 2006). Under this provision, a delinquent minor might continue to serve a sentence after his or her twenty-first

_____

[1]This is not to suggest that prosecutors have carte blanche to defer proceeding against a juvenile offender until he or she has reached the age of 21. It would be manifestly unfair, and quite likely a violation of due process, to arbitrarily deprive a juvenile of the chance for rehabilitation afforded by the salutary provisions of article V. Arguably, discharge from criminal prosecution might be an appropriate remedy for such a due process violation.

birthday. However, the provision does not authorize the State to <u>institute</u> proceedings under the Act against a person over the age of 21. To the contrary, under section 5--810, the State must seek the extended jurisdiction designation "prior to commencement of <u>the minor's</u> trial." (Emphasis added.) 705 ILCS 405/5--810(1) (West 2006).

Accordingly, we hold that the circuit court may not entertain delinquency proceedings under the Act initiated against an individual 21 years of age or older, regardless of his or her age when the offense allegedly occurred. We do not reach the question of whether an individual who commits a crime before the age of 17 may be prosecuted under the criminal laws after reaching the age of 21.

For the foregoing reasons, the judgment of the circuit court of Boone County is affirmed.

Affirmed.

McLAREN and SCHOSTOK, JJ., concur.