# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Luis R.*, 2013 IL App (2d) 120393

---

| | |
|---|---|
| Appellate Court Caption | *In re* LUIS R., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. Luis R., Respondent-Appellee). |
| District & No. | Second District<br>Docket No. 2-12-0393 |
| Filed | June 28, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The juvenile petition filed against respondent was properly dismissed where respondent was over 21 years of age when the petition was filed and was not subject to the Juvenile Court Act, and in the absence of a valid petition, the trial court had no discretion to transfer the case to criminal court, regardless of the fact that he was under 17 when the alleged offense was committed. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, No. 07-JD-57; the Hon. Fernando L. Engelsma, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Scott Jacobson, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas A. Lilien and Christopher McCoy, both of State Appellate Defender's Office, of Elgin, for appellee.

Panel

PRESIDING JUSTICE BURKE delivered the judgment of the court, with opinion.

Justices McLaren and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1    This case comes before this court for a second time. In 2007, the State charged respondent, Luis R., then age 21, by delinquency petition with two counts of aggravated criminal sexual assault, which he allegedly committed when he was 14. On remand from the Illinois Supreme Court, the trial court granted respondent's motion to dismiss the petition, and the State appeals. The State argues that the trial court erred by dismissing the charges and by failing to consider the State's motion for a discretionary transfer to criminal court.

¶ 2    We hold that, although the juvenile court had subject matter jurisdiction, personal jurisdiction, and the inherent authority to adjudicate the petition, the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2006)) did not authorize the State to institute juvenile delinquency proceedings against respondent, because he was over the age of 21 when the petition was filed. The juvenile court correctly dismissed the petition because respondent was not subject to the Act when the petition was filed, even though he was under the age of 17 when he allegedly committed the offenses. Without a valid juvenile petition, no discretionary transfer to criminal court was permitted under the Act. We affirm.

¶ 3                              I. FACTS

¶ 4    On August 8, 2007, the State filed a petition in the circuit court of Boone County, alleging that respondent was a delinquent minor and seeking to make him a ward of the court. 705 ILCS 405/5-520(2) (West 2006). The petition charged two counts of aggravated criminal sexual assault, arising from conduct that occurred "on or about June through August of 2000." Respondent immediately moved to dismiss the petition, arguing that, because he was 21 years old, the trial court was "without jurisdiction over [his] person." The State, in turn, moved to prosecute respondent under the criminal laws. See 705 ILCS 405/5-805(3) (West 2006) (juvenile court may determine whether certain non-automatic-transfer cases might be appropriate for criminal court). In a separate motion, the State asked the trial court to designate the proceedings as an extended jurisdiction juvenile (EJJ) prosecution. See 705

ILCS 405/5-810 (West 2006). When a juvenile prosecution is designated as an EJJ prosecution, a guilty plea, a verdict of guilt, or a finding of guilt requires the judge to impose two sentences: a juvenile sentence, and an adult criminal sentence that is stayed on successful completion of the terms of the juvenile sentence. 705 ILCS 405/5-810(4) (West 2006). The trial court granted respondent's motion to dismiss without ruling on the State's motions.

¶ 5    The State appealed, and this court affirmed the dismissal. *In re Luis R.*, 388 Ill. App. 3d 730 (2009) (*Luis R. I*). In so doing, we examined section 5-120 of the Act, which states in relevant part:

"Exclusive jurisdiction. Proceedings may be instituted under the provisions of this Article concerning any minor who prior to the minor's 17th birthday has violated or attempted to violate *** any federal or State law or municipal or county ordinance. Except as provided in [certain other sections of the Act], no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2006).

¶ 6    Under section 5-105(10) of the Act, a "minor" is defined as "a person under the age of 21 years subject to this Act." 705 ILCS 405/5-105(10) (West 2006). According to the plain language of section 5-105(10) and section 5-120, we concluded that the State may institute proceedings under the Act only against persons who (1) are under the age of 21 and (2) prior to turning 17, violated or attempted to violate the law. The State's petition alleged that respondent was younger than 17 when he committed the alleged crimes, but respondent was no longer "under the age of 21" at the time the petition was filed. Accordingly, we held that section 5-120 does not authorize the State to institute proceedings against respondent under the Act, even though respondent was under 17 years of age when he allegedly committed the crimes. *Luis R. I*, 388 Ill. App. 3d at 732-33. We concluded that there were no grounds for departing from the literal interpretation of the Act (*Luis R. I*, 388 Ill. App. 3d at 733), and we affirmed the trial court's dismissal of the State's petition. *Luis R. I,* 388 Ill. App. 3d at 738-39.

¶ 7    The supreme court granted the State leave to appeal, reversed our decision in *Luis R. I*, and remanded the cause to the juvenile court. *In re Luis R.*, 239 Ill. 2d 295 (2010) (*Luis R. II*). The supreme court framed the issue as "whether the State's delinquency petition alleges the existence of a justiciable matter to which the circuit court's constitutionally granted original jurisdiction extends." *Luis R. II*, 239 Ill. 2d at 302. In answering the question, the court stated that, since the petition alleged the existence of a justiciable matter, "to the extent that it was based upon a perceived lack of subject matter jurisdiction, the trial court's order dismissing the State's petition was in error." *Luis R. II*, 239 Ill. 2d at 303. The court held that the juvenile court had both personal and subject matter jurisdiction in respondent's case, as well as the inherent authority to adjudicate the petition. *Luis R. II*, 239 Ill. 2d at 303-07.

¶ 8    On remand from the supreme court, on August 16, 2011, respondent, now 26 years old, again moved to dismiss the petition in the juvenile court. Respondent argued that he was "not a minor" under section 5-105(10), and therefore not subject to the Act. See 705 ILCS 405/5-105(10), 5-120 (West 2006). Respondent also invoked the Act's automatic termination provision, which provides that all non-EJJ proceedings automatically terminate when a

respondent turns 21 years old. 705 ILCS 405/5-755(1) (West 2006). The juvenile court denied respondent's motion to dismiss as well as the State's pending motion to designate the proceedings as an EJJ prosecution. The court set a date for a hearing on the State's motion to transfer the cause to criminal court. Respondent moved to reconsider the denial of his motion to dismiss.

¶ 9      After the denial of respondent's motion to dismiss but before the hearing on the State's motion to transfer, this court issued its opinion in *People v. Rich*, 2011 IL App (2d) 101237. Rich allegedly committed aggravated criminal sexual assault when he was under 15 years old. The State charged him in criminal court when he was 20 years old. Concluding that proceedings in the criminal court were inappropriate, we dismissed the indictment on the basis that the Act contemplates proceedings to be instituted when a minor, prior to his or her seventeenth birthday, commits a crime. *Rich*, 2011 IL App (2d) 101237, ¶ 1. However, noting Rich's age, we held that "upon reaching age 21, a defendant outgrows his or her juvenile status and is no longer subject to the correctional scheme contemplated by the Act." *Rich*, 2011 IL App (2d) 101237, ¶ 9.

¶ 10      Based on *Rich*, the juvenile court reconsidered its ruling and dismissed the petition. The court also stated that it lacked discretion to transfer the cause to criminal court. The State timely appeals.

¶ 11                              II. ANALYSIS

¶ 12      On appeal, the State argues that the juvenile court committed two errors: (1) dismissing the charges filed in juvenile court and (2) failing to consider the State's motion for a discretionary transfer to criminal court under section 5-805(3) of the Act. The State concedes that respondent is not amenable to wardship but contends that wardship is merely one of the possible dispositions available to the juvenile court and that the court had the authority to either adjudicate the petition on the merits or rule on the State's motion for a discretionary transfer. We note that the State does not appeal the denial of its motion to designate the proceedings as an EJJ prosecution.

¶ 13      Resolution of this appeal hinges on the interpretation of the Act. Statutory construction presents a question of law, which is subject to *de novo* review. *Senese v. Village of Buffalo Grove*, 383 Ill. App. 3d 276, 278 (2008). When interpreting a statute, we examine the statute in its entirety, bearing in mind the subject it addresses and the General Assembly's apparent objective in enacting it. *People v. Taylor*, 221 Ill. 2d 157, 162 (2006). However, the process "must always begin with the language of the statute itself, which is the surest and most reliable indicator of the legislature's intent." *Taylor*, 221 Ill. 2d at 162. When statutory language is clear, it generally must be applied as written, and we should not use other aids or tools of interpretation. *Taylor*, 221 Ill. 2d at 162.

¶ 14                         A. Dismissal of Charges

¶ 15      Neither respondent's motion to dismiss nor the trial court's order stated a statutory ground for dismissing the charges. Section 114-1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-1(a) (West 2006)) provides that, upon the written motion of

a defendant made prior to trial, before or after a plea has been entered, a trial court may dismiss the indictment, information, or complaint upon any of 11 enumerated grounds.

¶ 16　　Section 114-1(a)(6) permits dismissal of charges when "[t]he court in which the charge has been filed does not have jurisdiction." 725 ILCS 5/114-1(a)(6) (West 2006). In *Luis R. II*, our supreme court made explicit that the juvenile court had subject matter jurisdiction, personal jurisdiction over respondent, and the inherent authority to adjudicate delinquency petitions such as the one filed against respondent. *Luis R. II*, 239 Ill. 2d at 303-07 (citing *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)).

¶ 17　　However, we reject the State's claim that *Luis R. II* compels the juvenile court to hear evidence and consider the petition on the merits. The supreme court's decision in *Luis R. II* does not preclude us from reaffirming our conclusion that the petition must be dismissed because "the circuit court may not entertain delinquency proceedings under the Act initiated against an individual 21 years of age or older, regardless of his or her age when the offense allegedly occurred." *Luis R. I*, 388 Ill. App. 3d at 738. In *Luis R. II*, the majority viewed our holding as jurisdictional, stating that "to the extent that it was based upon a perceived lack of subject matter jurisdiction, the trial court's order dismissing the State's petition was in error." *Luis R. II*, 239 Ill. 2d at 303. It is well settled that the legislature made the adjudication of a minor's delinquency a justiciable matter in the juvenile court; but the juvenile court's jurisdiction is a matter distinct from whether the Act authorizes the State's proceedings against respondent. See *Luis R. II*, 239 Ill. 2d at 309 (Freeman, J., dissenting, joined by Burke, J.) ("subject matter and personal jurisdiction [are] concepts that have nothing to do with the real issue: whether the circuit court has the authority under article V of the Juvenile Court Act to adjudicate a petition of delinquency filed against a 21-year-old"); see also *People v. Baum*, 2012 IL App (4th) 120285, ¶ 13 (despite the criminal court's inexact use of the word "jurisdiction," the record showed that the court correctly realized it had personal and subject matter jurisdiction and that the dismissal of the charges was based on the application of section 5-120 of the Act).

¶ 18　　Our supreme court reversed our judgment in *Luis R. I* but did so on the basis of a jurisdictional question, concluding that any circuit court has jurisdiction to determine whether a petition for adjudication is legally defective in that the respondent falls outside the class of persons against whom such petitions may lawfully be filed. *Rich*, 2011 IL App (2d) 101237, ¶ 8 n.2 (citing *Luis R. II*, 239 Ill. 2d at 303). In other words, the supreme court stated that a circuit court has jurisdiction to consider whether a delinquency petition is legally defective due to the respondent's age. *Luis R. II*, 239 Ill. 2d at 303. As such, our holding that the Act does not apply to persons charged at age 21 or over was not rejected, and the petition may yet be dismissed as defective for that reason. See 725 ILCS 5/114-1(a)(8) (West 2006) (the charge does not state an offense); see also *Luis R. II*, 239 Ill. 2d at 303 ("we recognize that there is a potentially fatal pleading defect in the delinquency petition"). *Luis R. II* does not reject the statutory analysis we set forth in *Luis R. I* or preclude us from ruling that the Act does not permit the State to institute delinquency proceedings against a person age 21 or older, regardless of the person's age when the offense allegedly occurred. *Rich*, 2011 IL App (2d) 101237, ¶ 8 n.2. We summarize the analysis that again leads us to that conclusion.

¶ 19　　Proceedings concerning delinquent minors are governed by article V of the Act. As

defined by the Act, a minor is "a person under the age of 21 years subject to this Act" (705 ILCS 405/5-105(10) (West 2006)) and, as pertinent here, the term "delinquent minor" means "any minor who prior to his or her 17th birthday has violated or attempted to violate *** any *** State law" (705 ILCS 405/5-105(3) (West 2006)). As discussed, section 5-120 of the Act provides, in pertinent part, that "[p]roceedings may be instituted under the provisions of this Article concerning any *minor* who prior to the *minor's* 17th birthday has violated or attempted to violate *** any federal or State law or municipal or county ordinance. Except as provided in [certain other sections of the Act], no *minor* who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." (Emphases added.) 705 ILCS 405/5-120 (West 2006). The dispositive question in this case remains whether the State's petition did not institute proceedings "concerning any *minor who prior to the minor's 17th birthday has violated *** any *** State law.*" (Emphasis added.) 705 ILCS 405/5-120 (West 2006).

¶ 20    First, the plain language of the Act shows the General Assembly's intent to allow the State to institute proceedings under the Act only against persons who (1) are under the age of 21 and (2) prior to turning 17, violated or attempted to violate the law. Section 5-120 of the Act applies only to "minors," and contains the relative clause "who prior to the minor's 17th birthday has violated *** any *** State law." The relative clause restricts the applicability of article V to the subclass of minors who have violated any state law prior to their seventeenth birthdays. *Luis R. I*, 388 Ill. App. 3d at 732. "If the General Assembly had intended to permit the State to institute delinquency proceedings after the respondent has reached the age of majority, it could have expressed that intent far more clearly simply by using the word 'person' in place of 'minor' in [section 5-120]." *Luis R. I*, 388 Ill. App. 3d at 732. Because respondent is no longer a minor, section 5-120 does not authorize the State to institute proceedings under the Act, even though he was under 17 years of age when he allegedly committed the crimes. *Luis R. I*, 388 Ill. App. 3d at 733.

¶ 21    Second, there are no grounds for departing from this literal interpretation of section 5-120. The spirit and intent of the General Assembly in enacting the Act are clearly expressed, its objects and purposes are clearly set forth, and a literal interpretation would not defeat the obvious intent because the Act expresses a legislative judgment that youth warrants a different correctional approach. *Luis R. I*, 388 Ill. App. 3d at 733-34. Section 6-1 of the Criminal Code of 1961 fixes legal capacity at 13 years of age (720 ILCS 5/6-1 (West 2006)), but the committee comments to the statute make clear that not all children over 13 will be tried in criminal court but rather that some under the age of 17 or 18 will be prosecuted in family court. *Luis R. I*, 388 Ill. App. 3d at 734 (citing 720 ILCS Ann. 5/6-1, Committee Comments-1961, at 339 (Smith-Hurd 2002)).

¶ 22    The General Assembly prefaced article V with a statement of purpose and policy, and the statement does not suggest that the General Assembly viewed delinquency and criminality as different species of conduct. *Luis R. I*, 388 Ill. App. 3d at 734-35 (citing 705 ILCS 405/5-101 (West 2006)). "The policy statement reflects a philosophy of holding juveniles accountable for criminal behavior while approaching their rehabilitation with due regard for their need for guidance, community and family support, and education." *Luis R. I*, 388 Ill. App. 3d at 735.

¶ 23    Examining article V in its entirety reinforces our view that the Act does not authorize the State to institute proceedings against persons over the age of 21. "Most notably, section 5-755 provides that, except in [EJJ] prosecutions (see 705 ILCS 405/5-810 (West 2006)), '[a]ll proceedings under this Act in respect of any minor *** automatically terminate upon his or her attaining the age of 21 years.' " *Luis R. I*, 388 Ill. App. 3d at 736 (quoting 705 ILCS 405/5-755(1) (West 2006)); see also *In re Jaime P.*, 223 Ill. 2d 526, 533 (2006). Also, the Act authorizes types of sentences that, for the most part, are either inapplicable or ill-suited to a person 21 years of age or older. For instance, a minor who has been made a ward of the court may be sentenced to probation or conditional discharge (705 ILCS 405/5-710(1)(a)(i) (West 2006)) or committed to the Department of Juvenile Justice (705 ILCS 405/5-710(1)(b) (West 2006)); but the period of probation, conditional discharge, or commitment may not extend beyond the minor's twenty-first birthday. 705 ILCS 405/5-715(1), 5-750(2), (3) (West 2006). Further, an adult is ill-suited to other sentencing options under the Act, such as placement in the custody of a suitable relative or under the guardianship of a probation officer, or commitment to an agency, licensed training or industrial school, or institution for the care of delinquent children. 705 ILCS 405/5-740(1) (West 2006). "In sum, as the legislature's intent was merely to provide a different correctional approach to juveniles, the literal interpretation of the Act–subjecting only juveniles to proceedings thereunder–supports, rather than defeats, that intent." *Luis R. I*, 388 Ill. App. 3d at 736.

¶ 24    After pointing out that lack of jurisdiction is not a proper ground for dismissing the petition, the State contends that "the only applicable statutory ground is section 114-1(a)(8), that 'the charge does not state an offense.' " 725 ILCS 5/114-1(a)(8) (West 2006). The State correctly points out that, if a charging instrument omits an essential element of the offense, under section 111-3 of the Code the instrument fails to state an offense, rendering it subject to dismissal under section 114-1(a)(8). See, *e.g.*, *People v. Jones*, 288 Ill. App. 3d 293, 296 (1997). The State argues, however, that section 114-1(a)(8) is not grounds for dismissing the petition, because, in compliance with section 111-3 of the Code, the petition stated a charge in writing, set forth the nature and elements of the offense, and alleged the name of the accused, the provision violated, and the date and county of commission. 725 ILCS 5/111-3(a) (West 2006). We do not quarrel with the proposition that the petition complied with section 111-3 of the Code, but that compliance alone does not authorize proceedings under the Act. The Act does not permit the State to institute delinquency proceedings against a person age 21 or older, regardless of the person's age when the offense allegedly occurred. Adopting the State's position would lead to the absurd result of permitting the State to institute delinquency proceedings against anyone, regardless of age, including a person who allegedly commits an offense as an adult.

¶ 25                      B. Discretionary Transfer to Criminal Court

¶ 26    The State also argues that the trial court erred in failing to consider its motion for a discretionary transfer of the petition to criminal court. The State concedes that respondent is not amenable to wardship but contends that wardship is merely one of the possible dispositions available to the court because the petition sought "any other relief" available under the Act. The State argues that, if the juvenile court has jurisdiction over the

proceedings, it also must have "the authority to take the intermediate, pre-adjudicatory step of transferring the case to criminal court." We disagree.

¶ 27 Section 5-805(3) of the Act provides that "[i]f a petition alleges commission by a minor 13 years of age or over of an act that constitutes a crime under the laws of this State and, on motion of the State's Attorney to permit prosecution of the minor under the criminal laws, a Juvenile Judge assigned by the Chief Judge of the Circuit to hear and determine those motions, after hearing but before commencement of the trial, finds that there is probable cause to believe that the allegations in the motion are true and that it is not in the best interests of the public to proceed under this Act, the court may enter an order permitting prosecution under the criminal laws." 705 ILCS 405/5-805(3) (West 2006).

¶ 28 This court's recent decision in *Rich* establishes that, despite the juvenile court's inherent authority to adjudicate the petition, the Act does not authorize a discretionary transfer of the petition to criminal court. When Rich was 20 years old, he was charged by complaint with two counts of aggravated criminal sexual assault in that he, when "under 17 years of age," committed acts of sexual penetration with a minor. Three months later, when Rich still was age 20, the State charged him by indictment with the same acts. Rich moved to dismiss the indictment, arguing that, because he was accused of committing the acts when he was between the ages of 12 and 14, section 5-120 of the Act (705 ILCS 405/5-120 (West 2008)) barred the State from prosecuting him as an adult for those offenses. Rich "argued that juvenile court would have exclusive jurisdiction of the charges and, further, that his due process rights would be violated by prosecuting him as an adult for offenses that allegedly occurred when he was a minor." *Rich*, 2011 IL App (2d) 101237, ¶ 3.

¶ 29 After Rich turned 21 years old and before the court had ruled on the motion to dismiss, the State filed a superseding indictment that was identical to the original indictment. Thereafter, Rich filed a second motion to dismiss on the same bases as his motion to dismiss the original indictment. The trial court dismissed the superseding indictment, noting that, if Rich had been 15 years old when he allegedly committed the crimes, the Act would automatically require that he be prosecuted in criminal court (705 ILCS 405/5-130(1)(a) (West 2008)). "However, strict construction of the Act reflected that, because [Rich] was only 14 years old or younger when he allegedly committed the offenses, proceedings were proper only under the Act." *Rich*, 2011 IL App (2d) 101237, ¶ 4.

¶ 30 On appeal, this court held that the criminal court's dismissal was proper because the indictment was legally defective. The indictment charged Rich with committing a crime while age 12, but " 'no person shall be convicted of any offense unless he had attained his 13th birthday at the time the offense was committed.' " *Rich*, 2011 IL App (2d) 101237, ¶ 7 (quoting 720 ILCS 5/6-1 (West 2008)). Therefore, to the extent the indictment alleged that Rich committed aggravated criminal sexual assault while age 12, he could not be convicted of that offense, and the indictment was properly dismissed. *Rich*, 2011 IL App (2d) 101237, ¶ 7.

¶ 31 This court further held that, once Rich turned 21, he had outgrown the Act such that the State could not institute delinquency proceedings under section 5-120. *Rich*, 2011 IL App (2d) 101237, ¶ 9 (citing *Luis R. I*, 388 Ill. App. 3d at 733-36, and *Luis R. II*, 239 Ill. 2d at

308-09 (Freeman, J., dissenting, joined by Burke, J.)) ("upon reaching age 21, a defendant outgrows his or her juvenile status and is no longer subject to the correctional scheme contemplated by the Act").

¶ 32 We explained that, while pursuing charges against Rich in criminal court, the State effectively passed up the opportunity to initiate proceedings under section 5-120 of the Act before Rich turned age 21. Moreover, there was sufficient time for the State to file, while Rich was age 20, a motion for a discretionary transfer to criminal court. *Rich*, 2011 IL App (2d) 101237, ¶ 16 (citing 705 ILCS 405/5-805(3) (West 2008)). If that motion were granted, Rich could have been tried, after he turned age 21, in criminal court. We concluded that, although the State was not *required* to file an initial petition under section 5-120 and a corresponding motion to transfer under section 5-805(3), its failure to do so precluded prosecution in criminal court after Rich's twenty-first birthday. *Rich*, 2011 IL App (2d) 101237, ¶ 16. In rejecting the State's claim that *Luis R. II* barred an initial petition under the Act, we pointed out that, unlike respondent here, Rich was still a minor when the initial charges were filed. *Rich*, 2011 IL App (2d) 101237, ¶ 16 n.5.

¶ 33 In agreement with *Rich*, we hold that a prosecution motion under section 5-805(3) for a discretionary transfer to criminal court is a legal nullity if the motion is filed after the respondent reaches the age of 21. Because Rich was 21 years old, he had "outgrown" the Act and was no longer subject to any part of its correctional scheme. This is consistent with the automatic termination provision of section 5-755(1). *Luis R. I*, 388 Ill. App. 3d at 736 (quoting 705 ILCS 405/5-755(1) (West 2006)).

¶ 34 Rich's outgrowing of the Act while the adult charges were pending precluded the State from later instituting delinquency proceedings under section 5-120 for acts he allegedly committed while ages 13 and 14. Likewise, respondent's outgrowing of the Act before any charges were filed precluded the State from instituting delinquency proceedings or moving for a discretionary transfer to criminal court as part of those proceedings.

¶ 35 The discretionary transfer to criminal court under section 5-805(3) is part of the correctional scheme contemplated by the Act. Because section 5-120 of the Act does not authorize the State to institute proceedings against respondent due to his age, section 5-805(3) does not authorize a subsequent discretionary transfer to criminal court, either. The State's authority for requesting a discretionary transfer from juvenile court to criminal court is derived from the Act, and without the authority to institute proceedings in the first place, the State may not obtain a transfer under the Act. The State argues that a discretionary transfer "protects the Act, respondent, and public policy" in that the statutory factors favor a transfer here, but our conclusion obviates the need to consider that issue.

¶ 36                                        III. CONCLUSION

¶ 37 We hold that, although the juvenile court had subject matter jurisdiction, personal jurisdiction, and the inherent authority to adjudicate the petition (*Luis R. II*, 239 Ill. 2d at 303-07), the Act did not authorize the State to institute juvenile delinquency proceedings against respondent, because he was 21 or over when the petition was filed. The juvenile court correctly dismissed the petition because respondent was not subject to the Act when the

petition was filed. Without a valid juvenile petition, no discretionary transfer to criminal court was permitted under the Act.

¶ 38        For the preceding reasons, the judgment of the circuit court of Boone County is affirmed.

¶ 39        Affirmed.