# Illinois Official Reports

## Appellate Court

---

**People v. Richardson, 2014 IL App (1st) 122501**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MELVIN RICHARDSON, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-12-2501 |
| Filed | June, 23, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An indictment charging defendant, who was over 21 years of age, with an aggravated criminal sexual assault of a 17-year-old victim when defendant was 14 years of age was properly dismissed pursuant to the decisions of the Illinois Appellate Court in *Rich*, which found that the defendant in *Rich* could not be prosecuted in juvenile court because he was too old, and in *Baum*, which found that defendant could not be prosecuted as an adult for a crime committed when he was under 17. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-2270; the Hon. Timothy Joyce, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and Michelle Katz, Assistant State's Attorneys, of counsel), for the People. |
| --- | --- |
| | Abishi C. Cunningham, Jr., Public Defender, of Chicago (Michaela Kalisiak, Assistant Public Defender, of counsel), for appellee. |
| Panel | JUSTICE DELORT delivered the judgment of the court, with opinion. Justices Hoffman and Cunningham concurred in the judgment and opinion. |

**OPINION**

¶ 1    In 2009, the State indicted defendant Melvin Richardson for aggravated criminal sexual assault on a 17-year-old. The assault allegedly took place in 1997, 15 years earlier, when Richardson himself was 14 years old. The victim reported the crime immediately, but she did not know her assailant's identity at the time of the occurrence. Years later, a Combined DNA Index System (CODIS) match identified Richardson as the possible assailant. By that time, he was 26 years old. Prosecution of the offenses was not barred by the long passage of time involved, because persons may be charged for committing sex crimes against minors for an extended period of 20 years after the minor reaches the age of 18. 720 ILCS 5/3-6(j) (West 2010).

¶ 2    The State first filed a delinquency petition against 26-year-old Richardson in juvenile court, intending to seek a discretionary transfer to prosecute him as an adult in criminal court. Had Richardson been charged in juvenile court at the time of the offense, he would have been subject to discretionary transfer to adult criminal court even though he was only 14, because of the serious nature of the crime involved. 705 ILCS 405/5-4(3)(a) (West 1996).[1] However, the juvenile court dismissed the indictment with prejudice based on *In re Luis R.*, 388 Ill. App. 3d 730 (2d Dist. 2009), *rev'd on other grounds*, 239 Ill. 2d 295 (2010), finding it lacked jurisdiction because of Richardson's age. The State did not appeal that ruling.

¶ 3    The State then reindicted Richardson, by then age 29, and filed criminal charges in adult criminal court. After extensive motion practice, sets of amended charges, and interim rulings on other related issues by various judges, Richardson moved to dismiss the final set of indictments or, in the alternative, transfer his case to juvenile court. The court dismissed the

---

[1]In *Johnson v. Edgar*, 176 Ill. 2d 499, 523 (1997), the Illinois Supreme Court held that Public Act 89-428 (Pub. Act 89-428 (eff. Dec. 13, 1995)) (the act that created the provisions of section 5-4 at issue here) was unconstitutional because it violated the single subject clause of the Illinois Constitution. Public Act 89-462 (Pub. Act 89-462 (eff. May 29, 1996)), however, reenacted the provisions of Public Act 89-428 that are at issue in this case. *Johnson*, 176 Ill. 2d at 509.

criminal case in reliance on the Second District's later holding in *People v. Rich*, 2011 IL App (2d) 101237, and held that Richardson could no longer be prosecuted in adult criminal court for a crime that allegedly occurred when he was a juvenile. The trial judge characterized the issues presented as "very thorny" and "very new," and determined that the offense alleged "fell through the cracks" between juvenile and adult jurisdiction, a gap which the legislature had unintentionally created when it extended the statute of limitations for sex offenses. Nonetheless, the trial judge discerned a bit of legislative intent from the immunity gap–he noted that the legislature reasonably could have intended to require prosecution of such crimes before age 21 and prohibit them if they could not be commenced until after the defendant reached that age. In sum, the court held that Richardson was now immune from prosecution in the same manner as if the case was barred by a statute of limitations. The court denied the State's motion to reconsider, and this appeal followed.

¶ 4                                                          ANALYSIS

¶ 5         The essential issue presented here is whether a person over 21 may be charged and prosecuted as an adult for a crime he committed while a juvenile, when the statute of limitations has not yet run, the defendant's identity was unknown at the time of the crime, and the delay was not due to any fault of the State. Resolving it requires us to interpret several statutes that were in place in 1997, the time of the offense. See *McGee v. Snyder*, 326 Ill. App. 3d 343, 348 (2001) ("Quite simply, the law in effect at the time of the offense governs." (citing *People v. Gulley*, 162 Ill. App. 3d 545, 549 (1987)). At the time of the offense, the relevant provisions of the Juvenile Court Act of 1987 stated:

> " 'Adult' means a person 21 years of age or older." 705 ILCS 405/1-3(2) (West Supp. 1997).

> " 'Minor' means a person under the age of 21 years subject to this Act." 705 ILCS 405/1-3(10) (West Supp. 1997).

> "Except as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State or for violation of an ordinance of any political subdivision of this State." 705 ILCS 405/5-4(1) (West 1996).

¶ 6         The success of CODIS hits in identifying juvenile sexual assault offenders years after the fact and the extended statute of limitations have generated considerable litigation regarding the application of these provisions. We review the relevant precedents.

¶ 7         In *Luis R.*, the Second District considered the case of a 21-year-old who was charged in a juvenile delinquency petition with aggravated criminal sexual assault for an act which he had allegedly committed when he was 14. *In re Luis R.*, 388 Ill. App. 3d 730 (2009), *rev'd on other grounds*, 239 Ill. 2d 295 (2010). In response to the defendant's motion to dismiss in the trial court, the State moved to transfer his case to adult criminal court or to designate the proceedings as an extended juvenile prosecution under section 5-810 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-810 (West 2006)). *Luis R.*, 388 Ill. App. 3d at 731. The court dismissed the delinquency petition, stating that it had "no jurisdiction under the Juvenile Court Act for this proceeding" (emphasis and internal quotation marks omitted) (*In re Luis R.*, 239 Ill. 2d 295, 300 (2010)) because the defendant had aged out of the juvenile system. On appeal, the Second District affirmed. *Luis R.*, 388 Ill. App. 3d at 739. The *Luis R.* court declined to

address whether the defendant could be prosecuted in adult criminal court. *Id*. at 738-39. On further appeal, the supreme court reversed and remanded. *Luis R.*, 239 Ill. 2d at 307. The supreme court interpreted the trial court's ruling as resting solely on jurisdictional grounds, and found that the trial court erred because it did, in fact, have subject-matter jurisdiction over the case and personal jurisdiction over the defendant. *Id.* The court remanded the matter for the trial court to grant plenary consideration to the main issue on its merits. *Id.* The supreme court did not itself address whether, how, or where the defendant could be prosecuted. Two dissenting justices did, however, finding that the case should not have been remanded on jurisdictional grounds and straightforwardly found that such defendants could not be prosecuted in juvenile court. *Id.* at 307 (Freeman, J., dissenting, joined by Burke, J.), 310 (Burke, J., dissenting, joined by Freeman, J.).

¶ 8    On remand, the trial court again dismissed the case, based largely on the intervening authority of *People v. Rich*, 2011 IL App (2d) 101237, a case we discuss in the next paragraph. *In re Luis R.*, 2013 IL App (2d) 120393, ¶¶ 9-10 (*Luis II*). The appellate court affirmed, holding that the defendant could be not be prosecuted in juvenile court because he was too old. *Id*. ¶¶ 37-39. The *Luis II* court rejected the State's complaint that the defendant was being immunized for serious criminal acts, noting that by choosing to charge him in adult criminal court, the State had "passed up the opportunity" to pursue juvenile charges against him when he was still 20 years old and asked for the case to be discretionarily transferred to adult court. *Id.*¶ 32. The court additionally held that without a valid juvenile petition pending, the case could not be discretionarily transferred to adult criminal court. *Id.* ¶ 37.

¶ 9    The defendant in *People v. Rich*, 2011 IL App (2d) 101237, was a 20-year-old charged with committing aggravated criminal sexual assault when he was between 12 and 14 years old. The State prosecuted him as an adult, and the appellate court affirmed the dismissal of that prosecution. The court held that the Act provides that the juvenile court has exclusive jurisdiction over crimes committed before a minor's fifteenth birthday. *Id.* ¶ 3. The court declined to address the question of whether an over-age-21 defendant who is charged with a crime committed as a minor that was an "automatic-transfer" crime may be prosecuted as an adult. *Id.*¶ 17. The Second District's holdings in *Rich* and *Luis II*, read together, essentially create a class of over-21 defendants who can no longer be prosecuted either in juvenile or adult court for certain crimes they allegedly committed as minors.

¶ 10   The defendant in *People v. Baum*, 2012 IL App (4th) 120285, was a 19-year-old who was charged as an adult for criminal sexual assaults that allegedly occurred when he was between 12 and 16 years old. Those facts parallel those now before us. The *Baum* court found that the State was unauthorized to charge the defendant as an adult because the acts in question occurred before he was 17 and that "none of the exceptions allowing the State to prosecute him under the criminal laws apply." *Id.* ¶ 11. The court noted the State's argument that it might not be able to prosecute the defendant in juvenile court, and that such a result was absurd because it would "shield[ ] [the defendant] from prosecution," but the court declined to extend its holding that far, finding that to do so would be to render an impermissible advisory opinion. (Internal quotation marks omitted.) *Id.* ¶ 12.

¶ 11   After briefing had been completed in this case, another panel of our district reviewed these precedents in detail, but rejected them, creating a split in authority. *People v. Fiveash*, 2014 IL App (1st) 123262. Considering facts that also parallel those now before us, the *Fiveash* court

found that sections 5-120 and 5-130 of the Act[2] did not bar prosecution of the defendant as an adult. The *Fiveash* court correctly noted that the dispute required interpretation of the last sentence of that section, *i.e.*, that " 'no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State.' " *Id.* ¶ 10 (quoting 705 ILCS 405/5-120 (West 2002)). It found that "[b]ased on the plain language of the statute, section 5-130 applies strictly to a defendant who is *under 21 years of age at the time he is charged* with certain offenses." (Emphasis added.) *Id.* ¶ 29. Accordingly, the court held that the 23-year-old defendant could be prosecuted in adult criminal court for an offense which allegedly occurred when he was 14 to 15 years old.

¶ 12    We invited both parties to file supplemental memoranda addressing whether there were factual differences between *Fiveash* and this case which might require different analysis or produce a different result. The State argued that there were no factual differences between this case and *Fiveash*, noting the jurisdictional statutes applicable to Fiveash's and this defendant's prosecution were virtually identical. The defendant noted a distinction in the ages involved: Fiveash allegedly committed his crimes when he was 14 to 15, Richardson when he was 14. This difference is important, the defendant claims, because Fiveash would have been subject to an automatic transfer to adult criminal court for crimes he allegedly committed when he was 15 under section 5-130(1)(a) of the Act (705 ILCS 405/5-130(1)(a) (West 2012)), while Richardson, being only charged for crimes committed when he was 14, would have been subject only to a *discretionary* transfer to adult court under section 5-4(3)(a) of the Act (705 ILCS 405/5-4(3)(a) (West 1996)). Richardson argues that prosecuting him now as an adult, with no possible escape hatch for him to be heard in juvenile court, deprives him of the protections which a juvenile court prosecution would have afforded him. We appreciate this distinction, but do not find it to be dispositive of the key issue of whether section 5-120, or its predecessor, section 5-4(1), bars adult prosecution of 29-year-olds for crimes allegedly committed at age 14.

¶ 13    We are not bound by *Fiveash* because it was issued by another division of our court. *Schiffner v. Motorola, Inc.*, 297 Ill. App. 3d 1099, 1102 (1998) (ruling of one division of the First District is not binding on another). Nor are we bound by *Rich* or *Baum*, which were issued by different districts. *Garcia v. Hynes & Howes Real Estate, Inc.*, 29 Ill. App. 3d 479, 481 (1975) (appellate court rulings are not binding on other appellate courts). The supreme court's decision in *Luis R.* rested on jurisdictional grounds not presented here, but the dissenting supreme court justices' analyses regarding the merits of a closely related issue are not only helpful, but highly persuasive to us.

¶ 14    Statutory construction presents a question of law, which we review *de novo*. *People v. Gutman*, 2011 IL 110338, ¶ 12. "The primary objective of statutory construction is to ascertain and give effect to the legislature's intent. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Id.* We must presume that the legislature did not intend absurd, inconvenient, or unjust results. *Id.* Under the rule of lenity, ambiguous criminal statutes are construed in the defendant's favor. *Id.* However, the rule of lenity is subordinate to the obligation to determine legislative intent, and the rule is not applied so rigidly as to defeat that intent. *Id.*

---

[2]Section 5-120 is the successor to section 5-4(1), which is at issue here. See *supra* ¶ 5. The pertinent language of the two sections is the same.

¶ 15    This case presents a classic "train crash" of statutes which address the same topic, but which seemingly create opposite results–a result stemming from a legislative failure to draft amendatory laws in such a way to maintain internal and parallel consistency. We agree with the *Baum* court that the phrase "no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State" should not be interpreted to allow adult prosecution of a 29-year-old who committed an offense at age 14 on the basis that the 29-year-old is no longer a "minor." In so doing, we also apply the rule of lenity and decline to follow the analysis of the *Fiveash* court. The definition of "Minor," which governs the subject phrase, specifies that "Minor" only includes persons who are " 'subject to the [Juvenile Court] Act.' " (Emphasis omitted.) *Fiveash*, 2014 IL App (1st) 123262, ¶ 9 (quoting 705 ILCS 405/5-105(10) (West 2002)). Richardson, at age 29, is not subject to the Act. Among the deleterious effects of a contrary interpretation would be that the State could withhold a ready prosecution of a juvenile for years until he "ages out" of the juvenile system, in order to sidestep the beneficial and age-sensitive remedies available to juveniles and elevate the scope of possible punishments to the more severe levels applicable in the adult system.

¶ 16    After reviewing all the relevant authorities, we find no reason to depart from the well-reasoned analyses of the *Rich* and *Baum* courts, nor from that of the dissenting justices in *Luis R*. Accordingly, the trial court did not err in dismissing the indictment.

¶ 17    Affirmed.