PARENT, Plaintiff in error, v. STATE, Defendant in error.

*April 15—May 10, 1966.*

For the plaintiff in error there was a brief by *Van Susteren, Bollenbeck, Patterson, Froehlich & Jensen* and *Edward R. Bollenbeck,* all of Appleton, and oral argument by *Edward R. Bollenbeck.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

WILKIE, J. The sole issue presented is whether the trial court abused its discretion [3] in denying the writ of *coram nobis.*

The attorney general argues that the trial court could not be guilty of an abuse of discretion in this case for the reason that the only basis for Parent's petition below (intoxication as a mitigating factor in sentencing) is different than the ground urged on this review (intoxication as a complete defense to the crime). However, at the hearing on the petition counsel stated several times that he was proceeding on the basis that Parent's intoxicated state would negative the intent required for an escape conviction. Since the trial court in fact was cognizant of the state-of-mind defense, counsel is entitled to argue that the trial court abused its discretion in denying the petition.

But there is absolutely no merit in petitioner's contentions on this review. It is well established that in order to constitute a ground for the granting of *coram nobis* an error of fact must be presented that meets

[3] *State v. Kanieski* (1966), 30 Wis. (2d) 573, 141 N. W. (2d) 196; *Fritz v. State* (1964), 25 Wis. (2d) 91, 130 N. W. (2d) 279.

the double-barreled requirement of (1) having been unknown at the time of the trial, and (2) having been of such a nature that it would have prevented the judgment had it been known.[4] Neither requirement is met here. It is only reasonable to assume that plaintiff in error knew of his intoxicated condition prior to the trial. The transcript of the hearing on his conviction contains the following colloquy between the court and his counsel:

"Mr. Hartman: . . . This man had difficulty, prior to being incarcerated with alcohol and domestic problems and he returned to his old home territory and apparently that resulted in this conduct.
"The Court: I take it the alcohol was not a condition present at the time of the escape?
"Mr. Hartman: That is correct."

Later the court asked:

"Is there anything special that you would like to tell me personally now?"

Parent replied:

"No. It's like—I had quite a bit of family trouble, that was it mostly."

Moreover, as was said in *Fritz v. State:*

"With this knowledge [of facts supposedly constituting a defense], Mrs. Fritz cannot lie in the weeds at the trial and then complain at this time, for the first time, that she was ignorant of her accomplice's condition." [5]

We think that if, indeed, petitioner were intoxicated at the time of his escape from the prison he knew this at the time of the hearing and cannot, fourteen months later, complain in this proceeding where he failed to mention it at the original hearing. Finally, escape is

[4] *State v. Kanieski, supra,* footnote 3; *Fritz v. State, supra,* footnote 3; *Houston v. State* (1959), 7 Wis. (2d) 348, 96 N. W. (2d) 343.
[5] *Fritz v. State, supra,* footnote 3, at page 96.

a continuing offense,[6] and even if intoxication at the time of the original departure from the prison grounds were proven, this would not have prevented the judgment. This is because even assuming that Parent's inebriated condition prevented him from having the requisite intent to escape at the precise time he climbed out of the prison window and left the grounds the escape, in any event, was accomplished at the moment he sobered up, realized his situation, and did not return to the prison.

*By the Court.*—Order affirmed.

---

[6] *Mills v. United States* (5th Cir. 1951), 193 Fed. (2d) 174, and *People v. Crider* (1925), 76 Cal. App. 101, 244 Pac. 113, cited by the state, can be construed to this effect.