THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY HUSTON, Defendant-Appellant.

Fourth District   No. 4—82—0393

Opinion filed March 7, 1983.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, and Jonathan C. Haile, law student, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and David C. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant Gregory Huston appeals from his conviction of escape entered upon a jury verdict. (See Ill. Rev. Stat. 1981, ch. 38, par. 31—6(a).) Huston was sentenced to a term of four years' imprisonment, the sentence to run consecutive to the term he is serving at present for a robbery conviction as provided by section 5—8—4(f) of the Unified Code of Corrections. Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(f).

Failure to return from authorized absence upon a work-release is properly prosecuted as the offense of escape under section 31—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 31—6(a)). *People v. Cole* (1980), 84 Ill. App. 3d 347, 405 N.E.2d 347, *aff'd* (1982), 91 Ill. 2d 242, 437 N.E.2d 641.

Defendant was incarcerated at the Decatur Community Correctional Center. He participated in a work-release program, through which he was allowed to leave the center each day to pursue employment and required to return to the center in the evening after finishing work. On the morning of Friday, March 26, 1982, the defendant clocked out of the correctional center at about 8:20 a.m. He was scheduled to return at 6 p.m. Defendant failed to return to the correctional center that evening and was absent throughout the weekend. On Tuesday, March 30, police received a "tip" from a relative of defendant and arrested him several miles from the correctional center.

On appeal defendant contends that it was not necessary or proper for the jury to know whether he was imprisoned for a felony or misdemeanor offense at the time he escaped, or to know the specific crime for which he was imprisoned. The defendant contends that the trial court erred by allowing the State to present evidence to the jury

of his prior robbery, that this was important for sentencing purposes only, and since the defendant was willing to stipulate that he had been properly committed to a correctional institution, it was irrelevant to any legitimate object of the fact finder's inquiry.

At the start of the trial, defense counsel made an oral motion *in limine* that the judge not allow the State to inform the jury that the defendant was a convicted felon, or that the defendant had committed robbery. Defense counsel was willing to stipulate that the defendant had been properly committed to a correctional institution. Holding that the grade of the prior offense had to be proved to the jury, the court refused to prohibit the State from presenting evidence that the defendant was a convicted felon. Defense counsel then moved that the State not be allowed to introduce to the jury evidence of the nature of the prior felony conviction. The court denied this request also. The State called assistant State's Attorney Richard Currant, who testified that the defendant had been convicted of the felony of robbery.

The defendant's argument that *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490, governs this case is not persuasive. In *Hayes*, defendant was charged by information with three counts of retail theft under $150. The information did not allege that the defendant had a prior theft conviction. During the trial, the defendant's prior retail theft conviction was admitted into evidence by stipulation. The defendant was subsequently convicted and sentenced for the felony of theft (second offense). On appeal, the defendant argued that it was necessary to allege in the information that the offense charged was a second or subsequent offense of retail theft. The court, affirming the defendant's conviction, remarked:

"We do not, however, find any sound reason to hold that because the prior conviction elevates the degree of the offense from a misdemeanor to a felony it should be necessary, at the risk of prejudice to the accused, that it be alleged in the information and proved." 87 Ill. 2d 95, 98, 429 N.E.2d 490, 491.

In *People v. Orrs* (1980), 87 Ill. App. 3d 4, 408 N.E.2d 1105, defendant was charged with escape in failing to return from a work-release assignment. An argument substantially identical to that made here was presented on review, including defendant's contention that it was reversible error to deny his motion to strike the allegations of four present felony convictions and to admit evidence of the specific crime of burglary underlying the escape. The conviction of escape was affirmed but one justice dissented. The supreme court, thereafter, denied leave to appeal. We feel constrained to follow this authority.

The defendant's willingness to stipulate that he had been properly

committed to a correctional institution does not make it error to admit evidence to prove this element. *People v. Campbell* (1979), 77 Ill. App. 3d 804, 396 N.E.2d 607; *People v. Kuntz* (1977), 52 Ill. App. 3d 804, 368 N.E.2d 114.

The distinction between the offenses of retail theft and escape are readily apparent. There can be a retail theft without a prior conviction of theft or any other offense. On the contrary, to be guilty of felony escape there must be a present imprisonment upon a present conviction.

We find no error, and the judgment of the trial court is affirmed.

Affirmed.

GREEN and MILLER, JJ., concur.