THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DONNA MILLER, Defendant-Appellee.

First District (3rd Division)   No. 84—2372

Opinion filed June 30, 1987.

44

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Thomas P. Needham, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Donna Miller, was charged by indictment with escape. (Ill. Rev. Stat. 1983, ch. 38, par. 31—6(a).) The State appeals from an order of the circuit court dismissing the indictment for failure to comply with the statute of limitations. (Ill. Rev. Stat. 1983, ch. 38, par. 3—5.) The State contends the court erred in sustaining defendant's motion to dismiss (Ill. Rev. Stat. 1983, ch. 38, par. 114—1(a)(2)) the indictment where escape is a continuing offense which is not barred by the statute of limitations. See Ill. Rev. Stat. 1983, ch. 38, par. 3—8.

The defendant was convicted of felony theft on September 20, 1978, and sentenced to 30 months' probation with the condition that

she serve a period of work release in the Cook County Department of Corrections. The defendant failed to return on September 30, 1978, to the Cook County Department of Corrections in accord with the work release program and remained a fugitive until May 29, 1984. On May 29, 1984, defendant was indicted for the offense of escape. (Ill. Rev. Stat. 1983, ch. 38, par. 31—6(a).) Defendant filed a motion to dismiss the indictment contending prosecution of the offense was barred by the statute of limitations. (Ill. Rev. Stat. 1983, ch. 38, par. 114—1(2).) Specifically, defendant argued that the indictment alleged an offense barred by the three-year limitation period. (Ill. Rev. Stat. 1983, ch. 38, par. 3—5.) The State's response to defendant's motion alleged that the defendant's crime was a continuing offense within the purview of section 3—8 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 3—8) and thus the indictment was entered in a timely manner.

On September 24, 1984, the trial court entered an order granting defendant's motion to dismiss, holding that the statute of limitations for the offense charged had expired. On appeal, the State contends that the defendant's failure to report to the work release program from September 30, 1978, through May 29, 1984, constituted an escape which was a continuing offense and thus was not barred by the statute of limitations. Conversely, defendant argues that the limitations period began on September 30, 1978, the date she allegedly failed to return to the work release program and, further, that the indictment failed to allege facts sufficient to invoke an exception to the statutorily enumerated limitation period.

██ █ Unauthorized absence from a work release program is properly prosecuted as an escape under section 31—6(a) of the Criminal Code (Ill. Rev. Stat. 1983, ch. 38, par. 31—6(a)). (*People v. Huston* (1983), 113 Ill. App. 3d 70, 446 N.E.2d 568; *People v. Marble* (1982), 91 Ill. 2d 242, 437 N.E.2d 641.) A person convicted of a felony who fails to report for periodic imprisonment under a work release program is guilty of a Class 3 felony. (Ill. Rev. Stat. 1983, ch. 38, par. 31—6(a).) A felony prosecution must be commenced within three years after the commission of the offense unless the limitation period is extended by an exception to the statute and the indictment contains facts which invoke an exception. *People v. Strait* (1978), 72 Ill. 2d 503, 381 N.E.2d 692.

In the instant case, defendant allegedly failed to submit to periodic custody after September 30, 1978, and thus to serve the sentence imposed for her theft conviction. Over 5½ years after her failure to return to the Cook County Department of Corrections defendant was indicted for escape. Accordingly, prosecution of this offense was

barred unless one of the exceptions to the general statutory limitation periods is applicable. The State contends that escape is a continuing offense within the exception set forth by section 3—8 of the Criminal Code (Ill. Rev. Stat. 1983, ch. 38, par. 3—8), which provides:

"When an offense is based on a series of acts performed at different times, the period of limitation prescribed by this Article starts at the time when the last such act is committed."

Our research has failed to disclose any Illinois case which specifically addresses the issue at bar. However, the United States Supreme Court construing section 751(a) of the Federal Criminal Code (*United States v. Bailey* (1980), 444 U.S. 394, 62 L. Ed. 2d 575, 100 S. Ct. 624; 18 U.S.C. sec. 751(a) (1982)) and several State courts interpreting their State criminal codes have held that escape is a continuing offense. (*Parent v. State* (1966), 31 Wis. 2d 106, 141 N.W.2d 878; *State v. Burnett* (1972), 292 Minn. 484, 195 N.W.2d 189.) Further, each court found that escape encompasses not only the defendant's initial departure but his failure to return to custody. In *Bailey*, the Supreme Court reasoned that an escaped prisoner poses a continuing threat to society and thus "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *United States v. Bailey* (1980), 444 U.S. 394, 413, 62 L. Ed. 2d 575, 592, 100 S. Ct. 624, 636, quoting *Toussie v. United States* (1970), 397 U.S. 112, 115, 25 L. Ed. 2d 156, 161, 90 S. Ct. 858, 860.

■ In the case at bar, the defendant failed to return to the Cook County Department of Corrections on September 30, 1978, and remained a fugitive until May 29, 1984. Clearly, defendant's September 1978 escape cannot be viewed as an isolated occurrence in time because such construction would encourage a convicted felon to remain in hiding until the three-year statute of limitations had expired. (See Ill. Rev. Stat. 1983, ch. 38, par. 3—8.) Further, as stated in *Bailey*, an escaped prisoner, whether from a Federal penitentiary or State institution, poses a continuing threat to society. It can be inferred from the nature of this crime that the Illinois legislature, like Congress, must have intended it to be a continuing offense. Therefore, once the defendant had escaped, she was under a duty to terminate her status as a fugitive by turning herself over to the authorities. The three-year statute of limitations applicable to felonies (Ill. Rev. Stat. 1983, ch. 38, par. 3—5) is tolled during the period an escapee remains at large.

■ The defendant next contends that even if an escape is defined as a continuing offense, the State is barred from prosecuting the defendant because the indictment is fatally flawed. In *People v. Strait*

(1978), 72 Ill. 2d 503, 381 N.E.2d 692, the supreme court held that when an indictment shows on its face that the alleged offense was committed beyond the limitation period, facts must be alleged to invoke an exception contained in the statute. In the instant case, the indictment alleged that the offense took place "on or about September 30, 1978 through to, or on about May 29, 1984." The State's inclusion of the entire period in which the defendant remained a fugitive is sufficient to establish that the last act was committed within the limitation period and that her escape was a continuing offense. Ill. Rev. Stat. 1983, ch. 38, par. 3—8.

Accordingly, the order of the circuit court dismissing the indictment for failure to comply with the statute of limitations is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

WHITE and FREEMAN, JJ., concur.