# Illinois Official Reports

## Appellate Court

---

### *People v. Fiveash*, 2014 IL App (1st) 123262

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID FIVEASH, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-12-3262 |
| Filed | April 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An indictment charging the 23-year-old defendant with criminal sexual assault for offenses committed when he was 14 and 15 years of age was improperly dismissed, since section 5-120 of the Juvenile Court Act does not prohibit the criminal prosecution of an adult defendant for crimes committed when defendant was under 17 years of age. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-9097; the Hon. Ellen Mandeltort, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and Michelle Katz, Assistant State's Attorneys, of counsel), for the People.<br><br>Casement Group, P.C., of Elgin (James P. Casement, of counsel), for appellee. |

Panel

JUSTICE LIU delivered the judgment of the court, with opinion. Presiding Justice Harris and Justice Simon concurred in the judgment and opinion.

**OPINION**

¶ 1     The issue before this court on appeal is whether an adult defendant may be prosecuted in criminal court for crimes that he allegedly committed when he was under 17 years of age. Defendant David Fiveash was 23 years old at the time he was charged by indictment with criminal sexual assault of his 6-year-old cousin. The offenses allegedly occurred during the period of time when defendant was 14 and 15 years of age. He filed a motion to dismiss the charges for lack of jurisdiction pursuant to section 114-1(a)(6) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114-1(a)(6) (West 2012)), claiming that under section 5-120 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-120 (West 2002)), the juvenile court had exclusive jurisdiction over him for the alleged acts in the indictment, and, therefore, he could not be subjected to criminal proceedings. The trial court agreed that defendant could not be prosecuted under the indictment as it was drafted and dismissed the charges. The State contends that the court erred in dismissing the indictment. For the following reasons, we reverse and remand.

¶ 2                                          I. BACKGROUND

¶ 3     The essential facts of this case are straightforward and undisputed. Defendant was born on October 10, 1988. His cousin P.A. was born on December 10, 1996. On May 16, 2012, when he was 23 years old, defendant was charged by indictment with two counts of aggravated criminal sexual assault and two counts of criminal sexual assault for acts of sexual penetration that he allegedly committed upon P.A. between January 1, 2003, and January 1, 2004. There is nothing in the record to indicate that the State delayed charging defendant until he had reached an adult age.

¶ 4     On July 17, 2012,[1] defendant moved to dismiss the charges against him for lack of jurisdiction. Citing section 5-120 of the Act, he claimed that the juvenile court had exclusive jurisdiction over him for any alleged acts that occurred prior to October 10, 2003, his fifteenth birthday.

¶ 5     A hearing was held on October 4, 2012. Thereafter, the trial court entered a written order rejecting the assertion that it lacked jurisdiction, noting that "[t]he issue of whether a person is tried in juvenile court or criminal court is a matter of procedure rather than jurisdiction." The court nonetheless concluded, after reviewing section 5-120 of the Act, that defendant could not be tried under the indictment. The court noted that in *People v. Rich*, 2011 IL App (2d) 101237, the reviewing court held that an indictment was properly dismissed as legally defective where "the defendant was not charged with a crime that was subject to the automatic transfer provision of the *** Act because the defendant was under the age of 15."

_____

[1]The motion to dismiss is not file-stamped. This is the filing date according to the circuit court's order granting the motion.

The court found that, in the instant case, the indictment "as drafted covers a single time period that includes when this defendant was both 14 and 15 years old." Because the indictment included a period of time when defendant was 14 years old, the court found that the alleged offenses did not fall under the automatic transfer provision of the Act (705 ILCS 405/5-130(1)(a) (West 2012)) and granted defendant's motion to dismiss the indictment. The State now appeals pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2006).

## II. ANALYSIS

In this appeal, the State contends that the trial court erred in dismissing the indictment where defendant was not a minor at the time he was charged. Specifically, the State argues that section 5-120 of the Act does not prohibit the criminal prosecution of an "adult" defendant, *i.e.*, one who is over 21 years of age, for crimes allegedly committed when he was a minor.

It is initially relevant to note that neither party appears to dispute that the 23-year-old defendant is not subject to juvenile proceedings under the Act. Yet, the parties' disagreement centers on whether section 5-120 of the Act prohibits the criminal prosecution of defendant for crimes that he allegedly committed at an age when he would have been subject to such proceedings, *i.e.*, when he was 14 and 15 years of age. As discussed below, we find that section 5-120 does not bar the criminal prosecution of defendant.

The Act expressly defines the terms "Adult" and "Minor." An "Adult" is defined as "a person 21 years of age or older." 705 ILCS 405/1-3(2) (West 2002). A "Minor" is "a person under the age of 21 years *subject to this Act*." (Emphasis added.) 705 ILCS 405/5-105(10) (West 2002).

Section 5-120 of the Act states as follows:

> "Exclusive Jurisdiction. Proceedings may be instituted under the provisions of this Article concerning any minor who prior to the minor's 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or State law or municipal or county ordinance. Except as provided in Sections 5-125, 5-130, 5-805, and 5-810 of this Article, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2002).[2]

The central dispute in this case concerns the last sentence of section 5-120, *i.e.*, that "no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." The State maintains that there is no language in this sentence that can be construed to prohibit the criminal prosecution of defendant because he was 23 years old at the time he was charged and, therefore, not a "minor" subject to the Act. Defendant, however, argues that the State's interpretation conflicts with a "plain reading" of the automatic transfer provision (705 ILCS 405/5-130(1)(a) (West 2002)), which governs certain crimes committed by minors aged 15 and over. Defendant also contends that the State's position conflicts with current precedent and "ignores" *In re Jaime P.*, 223 Ill. 2d 526 (2006). Because the issue presented in this appeal raises a question of statutory interpretation, our review is *de novo*. *People v. Lacy*, 2013 IL 113216, ¶ 13.

---

[2]The 2004 version of this statute contains no changes to the statutory language.

¶ 12 The issue of whether section 5-120 prohibits the State from prosecuting an adult defendant under the criminal laws of this state for crimes allegedly committed when he was under 17 years of age is a matter of first impression in this district. The parties have nonetheless cited three cases from our sister districts where the issue was, to various extents, discussed: *In re Luis R.*, 388 Ill. App. 3d 730, 730-31 (2009) (*Luis R. I*), *rev'd*, 239 Ill. 2d 295 (2010) (*Luis R. II*), *on remand*, 2013 IL App (2d) 120393 (*Luis R. III*); *People v. Rich*, 2011 IL App (2d) 101237; and *People v. Baum*, 2012 IL App (4th) 120285.

¶ 13                                      A. *In re Luis R.*

¶ 14 In *Luis R. I*, the Second District addressed the issue of whether juvenile proceedings under the Act could be initiated against an adult defendant for a crime that he allegedly committed when he was under 17 years of age. There, the State filed a delinquency petition against the 21-year-old respondent, alleging that he committed aggravated criminal sexual assault when he was 14 years old. *Luis R. I*, 388 Ill. App. 3d at 730-31. The respondent moved to dismiss the petition on the grounds the juvenile court was " 'without jurisdiction over [his] person.' " *Luis R. II*, 239 Ill. 2d at 297. The State then sought to prosecute the respondent under the criminal laws as an adult pursuant to the discretionary transfer provision (705 ILCS 405/5-805(3) (West 2006)), and also requested treatment of the proceedings as an extended jurisdiction juvenile prosecution under section 5-810 of the Act (705 ILCS 405/5-810 (West 2006)). *Luis R. I*, 388 Ill. App. 3d at 731. The juvenile court granted the respondent's motion to dismiss without ruling on the State's motions brought under the Act. *Id.* The appellate court affirmed the dismissal, holding that the juvenile court lacked jurisdiction to adjudicate the proceedings under the Act. In doing so, it examined section 5-120 of the Act and noted that the dispositive question was "whether the State's petition instituted proceedings 'concerning any *minor who prior to the minor's 17th birthday has violated \*\*\* any \*\*\* State law.*' " (Emphasis in original.) *Id.* at 732 (quoting 705 ILCS 405/5-120 (West 2006)). The court held that "[b]ecause respondent is no longer a minor, this provision, *read literally*, does not authorize the State to institute proceedings under the Act, even though respondent was under 17 years of age when he allegedly committed the crime." (Emphasis in original.) *Id.* at 732-33.

¶ 15 The court then went on to consider whether there were grounds for departing from the plain language of the statute. *Id.* at 736. The State argued that "interpreting the Act to exclude those 21 years of age or older who committed crimes prior to their seventeenth birthdays would be absurd, because it would allow certain juvenile offenders who commit serious crimes to escape any consequences whatsoever." *Id.* at 737. The court responded that the State's argument presupposed that a criminal prosecution of an adult age 21 or older for an offense allegedly perpetrated by him before he was 17 years old would be forbidden and stated, "a definitive decision that respondent is or is not subject to prosecution under the criminal laws would be premature; as no criminal charges are pending, we think an opinion on the question would be advisory." *Id.* The court nonetheless found such a proposition to be "doubtful enough that [it could not] rely on it as a ground to depart from the plain language of section 5-120 of the Act." *Id.* The court explained:

> "[T]he first sentence of section 5-120 restricts proceedings under article V to 'any minor who prior to the minor's 17th birthday' has violated or attempted to violate the law. [Citation.] The second sentence provides that, subject to certain exceptions, 'no

- 4 -

minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State.' [Citation.] For purposes of the first sentence, we agree with respondent that his status as an adult or a minor is to be determined as of the time that proceedings under article V are commenced. By virtue of the same reasoning, it would seem that respondent's status, for purposes of the second sentence, should be determined as of the time the State prosecutes him under the criminal laws. The second sentence's language defining the class excluded from criminal prosecution–'minor who was under 17 years of age at the time of the alleged offense'–is structurally identical to the salient language of the first sentence. It consists of a noun ('minor') followed by a restrictive relative clause ('who was under 17 years of age at the time of the alleged offense'). Thus, a defensible argument can be made that the plain language of section 5-120 does not forbid the criminal prosecution of an adult for an offense committed before he or she reached the age of 17." *Id.* at 737-38.

The court was clear, however: "We do not reach the question of whether an individual who commits a crime before the age of 17 may be prosecuted under the criminal laws after reaching the age of 21." *Id.* at 738-39.

¶ 16 The supreme court subsequently reversed the appellate court, finding that "to the extent that it was based upon a perceived lack of subject matter jurisdiction, the trial court's order dismissing the State's petition was in error." *Luis R. II*, 239 Ill. 2d at 303. The *Luis R. II* court's analysis was based on "whether the State's delinquency petition alleges the existence of a justiciable matter to which the circuit court's constitutionally granted original jurisdiction extends." *Id.* at 302. It concluded that the juvenile court had authority to adjudicate the legal sufficiency of the delinquency petition because it was properly vested with subject matter jurisdiction and personal jurisdiction. *Id.* at 303, 305. Addressing the portion of the Second District's opinion concerning whether any 21-year-old adult could be prosecuted under the criminal laws for offenses committed before the age of 17, the supreme court stated in admonishment: "Although the appellate court ultimately did not express an opinion on this question, the entire discussion was advisory and should have not been included in the court's disposition." *Id.* at 299 n.1.

¶ 17 On remand, respondent again moved to dismiss the delinquency petition, and the juvenile court ultimately dismissed the petition without stating a statutory ground for the dismissal. *Luis R. III*, 2013 IL App (2d) 120393, ¶¶ 8, 10, 15. The Second District again affirmed the lower court, holding that the delinquency petition was properly dismissed because "the Act does not authorize the State to institute proceedings against persons over the age of 21." *Id.* ¶ 23.

¶ 18 B. *People v. Rich*

¶ 19 In 2011, almost a year after the supreme court's decision in *Luis R. II*, but prior to *Luis R. III*, the Second District released another opinion addressing the second sentence of section 5-120. In *Rich*, the defendant was 20 years old when the State first charged him by complaint with two counts of aggravated criminal sexual assault that he allegedly committed during a period when he was 12 through 14 years of age. *Rich*, 2011 IL App (2d) 101237, ¶ 3. He was subsequently charged by indictment with the same offenses three months later when he was still 20 years old. *Id.* ¶ 4. Defendant moved to dismiss the indictment pursuant to section

5-120 of the Act, asserting that the State could not prosecute him as an adult for those offenses because the juvenile court had exclusive jurisdiction over the charges against him. *Id.* ¶¶ 3-4. Five months later, after the defendant turned 21, the State filed a superseding indictment containing the same charges as those in the original indictment brought against him when he was 20. *Id.* ¶ 4. Defendant responded by filing a second motion to dismiss on the same grounds as his first motion. *Id.* The circuit court dismissed the superseding indictment based on its finding that section 5-120 of the Act prohibited the criminal prosecution of the 21-year old defendant for offenses that he allegedly committed while he was under 15 years of age. *Id.*

¶ 20     On appeal, the Second District concluded that dismissal of the indictment was proper on two grounds. *Id.* ¶ 6. First, the indictment was legally defective because it charged defendant with the commission of a crime at the age of 12 in violation of the criminal code provision stating that " 'no person shall be convicted of any offense unless he had attained his 13th birthday at the time the offense was committed.' " *Id.* ¶ 7 (quoting 720 ILCS 5/6-1 (West 2008)). Second, the court found that none of the exceptions to the prohibition against criminal prosecution of a minor, found in the last sentence of section 5-120, applied. *Id.* ¶ 10.

¶ 21     In reviewing the issue of whether the 21-year-old defendant was subject to criminal proceedings for acts he allegedly committed before the age of 15, the court held:

"[I]t is critical here that defendant is not charged with an automatic-transfer crime under section 5-130 of the Act (the second exception provided by section 5-120). [Citation.] Section 5-130 provides, in part, that any minor who commits a specified crime, including aggravated criminal sexual assault, and, *at the time of the offense*, was 'at least 15 years of age,' *shall* be prosecuted under the criminal laws of this state. [Citation.] This provision clearly reflects that, as it relates to prosecution and sentencing, the General Assembly determined critical an interplay between age and specific crimes such that, where a minor age 15 or older commits any of the specified crimes, prosecution in criminal court, with its attendant correctional scheme, is deemed appropriate. Indeed, it is automatic. Conversely, then, when a minor *under* age 15 commits any of those same crimes, there is no automatic transfer to criminal court and, therefore, the reasonable presumption is that the General Assembly did not wish to automatically attach criminal court proceedings and penalties to those minors who, under age 15, commit certain crimes. Here, defendant is charged with aggravated criminal sexual assault, but he is charged with committing the crime *before* age 15. Therefore, he is not charged with a crime that the Act automatically transfers to criminal court." (Emphases in original.) *Id.* ¶ 11.

¶ 22                                 C. *People v. Baum*

¶ 23     The final case cited by the parties is the Fourth District's opinion in *Baum*. In *Baum*, a 19-year-old defendant was charged by information with three counts of criminal sexual assault for acts that he allegedly committed while under the age of 17. *Baum*, 2012 IL App (4th) 120285, ¶ 3. Defendant moved to dismiss the charges, asserting that they should have been brought in juvenile court, and the trial court granted his motion. *Id.* ¶ 4. The Fourth District, on appeal, concluded that the trial court properly granted defendant's motion to dismiss the charges pursuant to section 5-120 of the Act. *Id.* ¶¶ 10-11. The court then noted:

"Peering into the future of the proceedings against defendant concerning these alleged crimes, the State predicts that the trial court's judgment will have the effect of 'shield[ing defendant] from prosecution.' On that basis, the State asks us to overlook the clear application of the relevant statute to the facts here. We will not do so. Moreover, to the extent the State's argument invites us to speculate or advise the parties as to future litigation and the possible application of other laws not yet at issue in this case, we decline. [Citation.]" *Id.* ¶ 12.

¶ 24                                    D. Applicability of the Cases

¶ 25       Of the preceding cases, only *Luis R. I* and *Rich* address the precise issue before this court, *i.e.*, whether section 5-120 prohibits the criminal prosecution of an adult defendant for crimes that occurred when he was under the age of 17. While the court's analysis in *Luis R. I* is mere *dicta* in light of the supreme court's remarks in *Luis R. II*, we find it to be consistent with the plain language of the Act, given the definitions of "adult" and "minor" and the specific use of the word "minor" in the language of section 5-120. We cannot say the same of *Rich*.

¶ 26       "Our primary objective in construing a statute is to ascertain and give effect to the intent of the legislature, bearing in mind that the best evidence of such intent is the statutory language, given its plain and ordinary meaning." *People v. Johnson*, 2013 IL 114639, ¶ 9. "[T]here is no rule of construction that authorizes a court to say that the legislature did not mean what the plain language of the statute provides." *In re D.L.*, 191 Ill. 2d 1, 9 (2000). Thus, "[w]here the language of a statute is clear and unambiguous, a court must give it effect as written, without reading into it exceptions, limitations or conditions that the legislature did not express." (Internal quotation marks omitted.) *D.L.*, 191 Ill. 2d at 9.

¶ 27       In determining whether section 5-120 of the Act bars the criminal prosecution of defendant as an adult, we apply the statutory definition of the term "minor" to the relevant portion of section 5-120. That section reads: "Except as provided in Sections 5-125, 5-130, 5-805, and 5-810 of this Article, no *minor* who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." (Emphasis added.) 705 ILCS 405/5-120 (West 2002). Giving the term "minor" its defined meaning under the Act, section 5-120 reads to prohibit only the criminal prosecution of *a person under the age of 21 years subject to the Act* who was under 17 years of age at the time of the alleged offense. In this case, defendant was 23 years old at the time he was charged and, thus, not "a person under the age of 21 years subject to this Act." Under the clear and unambiguous language of section 5-120, there is simply no bar to defendant's criminal prosecution in this case.

¶ 28       Defendant attempts to compare the instant case to *Rich*. We initially note that *Rich* is factually distinguishable from the case at bar. In *Rich*, unlike here, the defendant was initially charged as an adult while he was still a "minor." The State therefore had the opportunity to initiate juvenile proceedings against defendant (see 705 ILCS 405/5-120, 5-520 (West 2012)), but opted instead to file a superseding indictment after he reached the age of 21. Notably, there was no comparable delay in bringing charges against defendant in the instant case.

¶ 29       This distinction notwithstanding, we respectfully disagree with the Second District's reliance on section 5-130 of the Act to resolve the issue of whether the 21-year-old defendant in that case could be criminally charged for offenses that he allegedly committed when he was under the age of 17. The *Rich* court's analysis either overlooked or disregarded the

specific inclusion of the word "minor" in both sections 5-120 and 5-130. Based on the plain language of the statute, section 5-130 applies strictly to a defendant who is under 21 years of age at the time he is charged with certain offenses. Section 5-130 provides that "[t]he definition of delinquent minor under Section 5-120 of this Article shall not apply to any *minor* *** who *is charged*" with the subject offense. (Emphases added.) 705 ILCS 405/5-130(1)(a) (West 2002). It is the age of the defendant at the time of the prosecution that controls. Otherwise, the language would simply provide for the determination of a defendant's status as a minor "at the time of an offense" and not include the words "and who is charged." As noted above, defendant is not a "minor" under the Act. Section 5-130 thus clearly does not apply.

¶ 30     Defendant claims that it would be "absurd *** [to] prosecute an adult for a crime that occurred as a 14 year old, coupled with the extreme minimum punishment and sentence that he would not have been subjected to as a 14 year old under the [Act]." Contrary to his claim, however, section 5-805 of the Act specifically grants the juvenile court discretion to enter an order allowing the criminal prosecution of a minor 13 years of age or older in certain circumstances. 705 ILCS 405/5-805(3) (West 2002). Therefore, even if defendant had been charged at the time he was 14 years old, he would not necessarily have been immunized from criminal prosecution as an adult. We therefore reject defendant's argument to the extent it is based on the notion that the Act absolutely precludes the criminal prosecution of a 14-year-old defendant.

¶ 31     Defendant additionally maintains that the proposed interpretation of section 5-120 "ignores" *In re Jaime P.*, 223 Ill. 2d 526 (2006). He appears to be referring to the supreme court's statement in *Jaime P.* that "the circuit court in juvenile proceedings maintains jurisdiction only until the minor turns 21 years of age." *Jaime P.*, 223 Ill. 2d at 533. It is unclear why defendant believes the proposed interpretation of section 5-120 "ignores" *Jaime P.* as defendant was over 21 years of age and the charges filed in the instant case were not brought in juvenile court. We thus find defendant's reliance on *Jaime P.* to be misplaced.

¶ 32     Defendant lastly attempts to advance the argument that, as a policy consideration, allowing an adult defendant to be tried in criminal court for crimes he is charged with having committed as a minor eight years ago raises the possibility of a disparity in sentencing if found guilty. We acknowledge that this may be a valid concern. However, any such policy consideration is a matter for the legislature, not this court. We find that section 5-120 of the Act, given its plain and ordinary meaning, does not prohibit the criminal prosecution of an adult defendant for crimes that occurred when he was under 17 years of age. We therefore find that the trial court erred in dismissing the indictment against defendant pursuant to that section.

¶ 33                                III. CONCLUSION

¶ 34     For the reasons stated, we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings.

¶ 35     Reversed and remanded.