# Illinois Official Reports

## Appellate Court

***People v. Esparza*, 2014 IL App (2d) 130149**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIK ESPARZA, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-0149 |
| Filed | August 19, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant was properly prosecuted in criminal court, rather than juvenile court, for escape and resisting or obstructing a peace officer based on his removal of an electronic home monitoring device placed on his ankle as a condition of the homebound detention imposed on him in an earlier case, notwithstanding the fact that he was only 16 when he removed the device, since escape is a continuing offense that encompasses the initial departure and the failure to return to custody, and when defendant was captured, he had turned 17 and was susceptible to criminal prosecution. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 12-CF-1571; the Hon. Patricia Piper Golden, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Thomas A. Lilien and Jaime L. Montgomery, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Aline Dias, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE BURKE delivered the judgment of the court, with opinion.
Justices Hutchinson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a jury trial, defendant, Erik Esparza, was convicted of escape (720 ILCS 5/31-6(a) (West 2012)) and resisting or obstructing a peace officer (720 ILCS 5/31-1(a) (West 2012)), and he was sentenced to 30 months' probation and 180 days in jail. At issue in this appeal is whether (1) it was proper for defendant to be prosecuted in criminal court for escape where defendant was 16 when he initially fled from home detention but was 17 when he was arrested; and (2) the court imposed an unauthorized sentence on the conviction of resisting or obstructing a peace officer. For the reasons that follow, we determine that it was proper for defendant to be prosecuted in the criminal court and that the court imposed a proper 180-day jail term for resisting or obstructing a peace officer. Thus, we affirm.

¶ 2    The following facts are relevant to resolving the issue raised. Prior to June 2012, defendant was placed on homebound detention, and, as a condition of his detention, he was required to wear an electronic home monitoring (EHM) device, which he wore on his ankle. According to the "Special Conditions of [EHM]," defendant could "not tamper with, remove, or damage the [EHM] device[ ]."

¶ 3    On June 1, 2012, juvenile homebound detention officers learned that defendant's EHM device had been tampered with. On June 4, 2012, Lisa Tarquino, a juvenile homebound detention officer who worked with defendant, wrote up a report on this violation, prepared an affidavit, and faxed these documents to the Kane County State's Attorney's office. A warrant was issued, and on June 13, 2012, Tarquino went to defendant's home. Tarquino, who talked with defendant's mother at the residence, learned that defendant was not home and that no one knew where he was. Tarquino confiscated the EHM device that was issued to defendant, observing that the strap of the EHM bracelet had been cut.

¶ 4    On July 5, 2012, defendant turned 17. On August 5, 2012, defendant, who was not wearing an EHM device, was with friends in another part of town. At that time, he was arrested for various offenses, including escape. The indictment for that charge provided, in relevant part, that, "on or about August 5, 2012, defendant *** committed the offense of escape *** in that *** defendant knowingly and unlawfully escaped from an [EHM] device

that *** defendant was placed on as a condition of his sentence [in another case], in that he removed [the EHM] device from his ankle."

¶ 5    Before, during, and after trial, defendant argued that the criminal court lacked jurisdiction over the escape charge, as defendant was 16 when the EHM device was removed from his ankle. The court denied the motions, finding that the escape offense began when defendant removed the EHM device from his ankle but that it continued until the police arrested him after he turned 17. Thus, defendant was 17 during the period of his escape.

¶ 6    Defendant was found guilty, and he was sentenced. When the court imposed the sentence, it asserted that the resisting conviction "merge[d] in terms of any jail time," and, thus, the court was "really only going to address the Class 3 escape." The court then imposed 30 months of probation and ordered defendant to serve 180 days in jail. The written order provided that defendant was to serve jail time, but the order did not indicate the length of any jail sentence. Rather, the order provided that defendant was given 173 days of credit and was "released instanter upon being taken to JJC *and* be[ing] placed on GPS." (Emphasis in original.) Neither party questioned whether the court imposed an unauthorized sentence for the resisting offense. This timely appeal followed.

¶ 7    At issue in this appeal is whether (1) defendant was properly prosecuted in the criminal court on the escape charge, and (2) whether an unauthorized sentence was imposed on the conviction of resisting or obstructing a peace officer. We consider each argument in turn.

¶ 8    The first issue we address is whether defendant was properly prosecuted in the criminal court for the escape offense. In the trial court, defense counsel argued that the criminal court lacked jurisdiction, but "[w]hether a person is tried in juvenile [court] or criminal court is a matter of procedure rather than jurisdiction." *People v. P.H.*, 145 Ill. 2d 209, 222 (1991); see also *In re Luis R.*, 239 Ill. 2d 295, 299-305 (2010). This presents a question of law that we review *de novo*. See *People v. Baum*, 2012 IL App (4th) 120285, ¶ 9.

¶ 9    Resolving the issue raised begins with examining section 5-120 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-120 (West 2012)). In examining this statute, we are guided by the well-settled rules of statutory construction. The primary objective in construing a statute is to ascertain and give effect to the legislature's intent. *People v. Richardson*, 2014 IL App (1st) 122501, ¶ 14. The surest and most reliable indicator of this intent is the language of the statute itself. *People v. Rich*, 2011 IL App (2d) 101237, ¶ 8. Thus, where the language of the statute is clear and unambiguous, courts must apply the statute as written, without reading into the language any exceptions, limitations, or conditions for which the legislature did not provide. *People v. Fiveash*, 2014 IL App (1st) 123262, ¶ 26.

¶ 10    Section 5-120 of the Act, which is entitled "Exclusive jurisdiction," defines what persons and crimes are covered by delinquency proceedings, as opposed to criminal prosecutions. 705 ILCS 405/5-120 (West 2012). Specifically, it provides that the State may initiate delinquency proceedings against "any minor who prior to the minor's 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or State law or municipal or county ordinance." *Id.* Subject to enumerated exceptions that are inapplicable here, "no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." *Id.*

¶ 11    Accordingly, here, we must determine whether defendant was under 17 when he committed escape. Defendant was 16 when the EHM bracelet was removed from his ankle. Thus, if, as defendant argues, escape is not a continuing offense, then defendant could be

prosecuted only in juvenile court. In contrast, if, as the State argues and as the trial court found, escape is a continuing offense, then defendant, who was 17 when he was arrested, could be properly prosecuted in criminal court. Where an offense can be properly prosecuted in juvenile court or criminal court, that decision is committed to the discretion of the State's Attorney. *People v. Markley*, 2013 IL App (3d) 120201, ¶ 14.

¶ 12        Insightful in determining whether escape is a continuing offense is *People v. Miller*, 157 Ill. App. 3d 43 (1987). There, the defendant, who was given probation with a term of 30 days of work release, failed to return to work release after starting that program. *Id.* at 45. Almost six years later, she was apprehended, and, at that time, she was indicted for escape. *Id.* The defendant moved to dismiss the indictment, arguing that a prosecution for the offense was barred, as the three-year limitations period had expired. *Id.* The trial court granted the motion, and the State appealed. *Id.*

¶ 13        The appellate court reversed, finding that escape was a continuing offense, such that the three-year statute of limitations did not bar prosecuting the defendant. *Id.* at 46. In reaching this conclusion, the court noted that, under federal law and the laws in other states, "escape encompasses not only the defendant's initial departure but his failure to return to custody." *Id.* Moreover, the court cited the United States Supreme Court's reasoning that "an escaped prisoner poses a continuing threat to society and thus 'the nature of the crime involved is such that Congress must assuredly have intended it to be treated as a continuing one.' *United States v. Bailey* (1980), 444 U.S. 394, 413, 62 L. Ed. 2d 575, 592, 100 S. Ct. 624, 636, quoting *Toussie v. United States* (1970), 397 U.S. 112, 115, 25 L. Ed. 2d 156, 161, 90 S. Ct. 858, 860." *Id.*

¶ 14        We agree with *Miller*. We believe that escape is a continuing offense, which here encompassed not only defendant's removal of the EHM device in June 2012 when defendant was 16 but also defendant's failure to return to custody until August 2012 when defendant was 17. Thus, because escape is a continuing offense and defendant was arrested for escape after he turned 17, he could be properly prosecuted in criminal court.

¶ 15        Defendant argues that *Miller* is distinguishable, because, in *Miller*, the indictment charged the defendant with committing the offense " 'on or about September 30, 1978[,] through to, or on about May 29, 1984.' " *Id.* at 47. Here, in contrast, defendant claims that there was no allegation of a continuing offense. Defendant claims that the indictment here alleged that the escape occurred only when he cut off the EHM bracelet, which he did when he was 16. Although defendant is correct in his assertion that the indictment alleged that he committed escape when he cut off the EHM bracelet, the indictment, though perhaps inartfully drafted, also alleged that the escape continued until August 5, 2012. Because defendant was 17 on this date, prosecution in the criminal court was proper.

¶ 16        Second, we consider whether this cause must be remanded for resentencing. That is, we address whether the trial court imposed an unauthorized sentence on the conviction of resisting or obstructing a peace officer. Defendant asserts that the court imposed 30 months' probation for resisting as well as for escape, a sentence beyond the statutory range for resisting. See 730 ILCS 5/5-4.5-55(d) (West 2012). Such a sentence may be attacked at any time. *People v. Arna*, 168 Ill. 2d 107, 113 (1995). Moreover, we note that, because this issue presents a pure question of law, our review is *de novo*. See *People v. Thompson*, 209 Ill. 2d 19, 22 (2004).

¶ 17    The record reflects that, with regard to the resisting conviction, the court was going to impose a sentence that "merge[d] in terms of any jail time" with the sentence imposed on the escape conviction. The court went on to address only the escape conviction, imposing 30 months' probation including a jail term of 180 days. Thus, we believe that the record adequately reflects that the 180-day jail term was imposed on both convictions and that the 30-month probation sentence was imposed only on the escape offense. This sentence for resisting was proper. See 730 ILCS 5/5-4.5-55(a) (West 2012) (imprisonment for a Class A misdemeanor must be not more than one year).

¶ 18    For these reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 19    Affirmed.